IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EMPIRE PETROLEUM
PARTNERS, LLC,

                    Plaintiff,

        v.                                          1:13-cv-3236-WSD

SURENDRA PATEL et al.,

                    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Complaint [4].

## I.    BACKGROUND

On September 27, 2013, Plaintiff Empire Petroleum Partners, LLC

("Plaintiff") filed this action against Defendants Surendra Patel, Rajani Kant Patel,

Detesash Patel a/k/a Tejashkumar Patel, and Katan Patel (collectively,

"Defendants").  Plaintiff's Complaint [1], alleging that Defendants failed to make

certain payments to Plaintiff under a fuel supply contract, asserts causes of action

for breach of contract and unjust enrichment.

On October 2, 2013, the Court, after reviewing Plaintiff's Complaint, issued

an order [3] (the "October 2nd Order") addressing the Court's subject matter

jurisdiction over this matter.  The Court found that, as alleged in the Comlpaint, the

Court could have only diversity jurisdiction because the Complaint asserts only state law causes of action.  The Court further found, however, that the Complaint failed to establish diversity jurisdiction because Plaintiff failed to identify, and allege the citizenship of, its members and thus failed to allege sufficient facts to show its own citizenship.  The Court specifically explained that the citizenship of a limited liability company, like Plaintiff, is based on the citizenship of its members. The Court ordered Plaintiff to file either an amended complaint alleging its citizenship or evidence establishing its citizenship.

On October 3, 2013, Plaintiff filed its Amended Complaint [4] in response to the October 2nd Order.  In it, Plaintiff alleges that is has five members, including two corporations (the "Corporation Members"), two limited liability companies (the "LLC Members"), and one limited partnership (the "LP Member").  (See Am. Compl. [4] ¶ 2.)  The Corporation Members are alleged to be incorporated in Texas and to have their principal places of business in Texas.  The Amended Complaint does not identify the members of the LLC Members or the partners of the LP Member.

## II.    DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

As discussed in the October 2nd Order, it is clear, and Plaintiff does not dispute, that the Court has subject-matter jurisdiction in this matter, asserting only state law causes of action, only if there is diversity jurisdiction.  See 28 U.S.C. § 1332(a).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  Id.  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  In its Amended Complaint, Plaintiff has shown that it has five members: the Corporation Members, the LLC Members, and the LP Member.  As the Court expressly explained in the October 2nd Order, "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001-PAB-CBS, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).  To determine Plaintiff's citizenship, therefore, the Court looks to the citizenship of each of its members.

As to the Corporation Members, the Amended Complaint alleges that they are incorporated in Texas and have their principal places of business in Texas. These allegations are sufficient to show that the Corporation Members are citizens of Texas.  See 28 U.S.C. § 1332(c)(1).  As to the LLC Members and the LP Member, the Amended Complaint does not contain any information to show their

4

citizenship.  Unincorporated business entities are citizens of any state of which a member of the business is a citizen.  Rolling Greens, 374 F.3d at 1022.  This rule applies to all non-corporate associations, including limited liability companies and limited partnerships.  See id.[1]

Information about the citizenship of the LLC and LP Members is uniquely available to Plaintiff—the party who asserts this action and who must show that this Court has jurisdiction over it.  Because Plaintiff has not shown the citizenship of three of its five members, Plaintiff has not satisfied its burden "to show the jurisdictional fact of diversity of citizenship," and this action is required to be dismissed for lack of subject matter jurisdiction.  See King, 505 F.3d at 1171 (quoting Slaughter, 359 F.2d at 956); see also Travaglio v. Am. Express Co., No. 11-15292, 2013 WL 4406389, at *2–3 (11th Cir. Aug. 19, 2013) (publication pending) (holding that court must dismiss action for lack of subject matter jurisdiction unless pleadings or "sworn" evidence establishes jurisdiction).

---

[1] The Amended Complaint states that none of Plaintiff's members "were incorporated in Georgia or have their principal place of business in Georgia."  This "negative" allegation does not satisfy Plaintiff's burden to "specifically allege each party's citizenship."  See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979) (per curiam).  This allegation fails even to show that Plaintiff is not a Georgia citizen because the state of incorporation and state of principal place of business are not relevant to the citizenship of non-corporations— the LLC and LP Members for whom Plaintiff failed to show jurisdiction.  See Rolling Greens, 374 F.3d at 1022.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of

subject matter jurisdiction.

**SO ORDERED** this 11th day of October, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE